**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas James Stone, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>California Department of Justice, et al.,<br><br>Defendants. | No. CV-25-02324-PHX-DWL<br><br>**ORDER** |

On July 3, 2025, *pro se* Plaintiff initiated this action by filing a complaint and paying the filing fee. (Docs. 1, 2.) The complaint—a form entitled "Complaint for a Civil Cases Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship)"—identifies Plaintiff as a resident and citizen of Arizona and names three Defendants: (1) the California Department of Justice ("the Department"); (2) the County of Mendocino ("the County"); and (3) the Superior Court of California, County of Mendocino ("the Superior Court"). (Doc. 1 at 1-3, 6.)

The complaint alleges as follows. "Plaintiff has been an adjudicated mental defective (AMD) since 2020." (*Id.* at 4.) Plaintiff "was voluntarily committed by himself" and "paid out of pocket for his care." (*Id.*) In May 2020, Plaintiff was charged in a 30-count felony indictment in California state court. (*Id.*) In August 2024, the criminal charges were dismissed. (*Id.*) Under California law, the "case was supposed to be sealed and deemed to never have occurred" upon dismissal. (*Id.*) However, sealing did not immediately occur due to "the Negligence of the (3) three listed Defendants," which

occurred on "08/24/2024" at "Ukiah, Ca. Superior Court of California Mendocino County." (*Id.*) The negligence included that "the statutes for the dismissal were not followed" and "[t]he County of Mendocino did not follow the Judicial process of the dismissed case." (*Id.*) Additionally, Plaintiff was incorrectly "told by the Superior Court of California, that no AMD was ever put on Plaintiff by the Court." (*Id.*) Due to Defendants' negligence, Plaintiff had to file "multiple motions." (*Id.*) Although those motions eventually resulted in the sealing of the case, "the AMD remain[s] on Plaintiff," even though "Plaintiff had no court hearing, State or Federal, to enact and put the AMD on Plaintiff." (*Id.*) The complaint also alleges: "With the court not handling the Judicial process of sealing the case and removing it from the local and state databases." (*Id.*) The fact "there is still an AMD on Plaintiff" has caused Plaintiff to sustain various injuries, including interference with his firearm rights and his ability to run for public office in Arizona in 2026. (*Id.*)

Now pending before the Court are three motions to dismiss, one by each Defendant. (Docs. 13, 14, 16.) Plaintiff filed a consolidated response to the three motions (Doc. 19) and each Defendant filed a reply (Docs. 20, 21, 22). For the reasons that follow, all three motions are granted.[1]

**DISCUSSION**

I. The Department

    A.    **The Parties' Arguments**

The Department moves to dismiss for four reasons: "[1] Plaintiff's claims against the Department are barred under the Eleventh Amendment; [2] there is no personal jurisdiction over the State of California; [3] this Court is not a proper venue for this action; and [4] the Complaint fails to state a claim upon which relief may be granted." (Doc. 16 at 1.)

"[A] federal court generally may not rule on the merits of a case without first

---

[1] Plaintiff's seeming request for oral argument—his response brief is entitled "Reply to Motion to Dismiss Request for a Hearing"—is denied because the issues are fully briefed and argument would not aid the decisional process. *See* LRCiv 7.2(f).

- 2 -

determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction). Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (cleaned up). "[T]here is no mandatory sequencing of jurisdictional issues. In appropriate circumstances, . . . a court may dismiss for lack of personal jurisdiction without first establishing subject-matter jurisdiction." *Id.* at 431 (cleaned up). The Court thus begins with the Department's challenge to personal jurisdiction. *Payne v. Office of the Comm'r of Baseball*, 2016 WL 1394369, *4 (N.D. Cal. 2016) ("Defendants move to dismiss on the following grounds: (1) lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1); (2) lack of personal jurisdiction over Out-of-State Clubs pursuant to Rule 12(b)(2); (3) improper venue as to Southern California and Out-of-District Clubs pursuant to 28 U.S.C. § 1391; and (4) failure to state a claim under Rule 12(b)(6). Although there is no mandatory sequencing of jurisdictional issues, jurisdictional questions ordinarily must precede merits determinations in dispositional order. Thus, the Court resolves solely the aspect of the motion directed to personal jurisdiction over the Out-of-State Clubs at this juncture.") (citation omitted).[2]

The Department contends that "Plaintiff has not alleged any facts that suggest that this Court has personal jurisdiction over California. The underlying allegations exclusively concern a criminal case pending in a California state court. No connection to the District of Arizona or any other forum is alleged." (Doc. 16 at 5.)

Although Plaintiff's response does not specifically reference the concept of personal jurisdiction, Plaintiff emphasizes that he "has lived in Arizona since 2020, the entire time

---

[2] Although the Department's Eleventh Amendment argument might appear at first blush to implicate the Court's subject-matter jurisdiction, the Ninth Circuit has held that "the Eleventh Amendment is more appropriately considered an affirmative defense than a jurisdictional bar." *Douglas v. Cal. Dep't of Youth Authority*, 271 F.3d 812, 821 n.8 (9th Cir. 2001). *See also Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 760 (9th Cir. 1999), *amended by* 201 F.3d 1186 (9th Cir. 2000) ("[T]he Eleventh Amendment is not a true limitation upon the court's subject matter jurisdiction, but rather a personal privilege that a state may waive . . . .").

this 31-Count Felony case was being brought against him"; that he "has suffered Rights Violations mainly in the State of Arizona"; and that he "resides in the Great State of Arizona, with all professional, license and certificate denials in Arizona." (Doc. 19 at 2-3.) However, Plaintiff also acknowledges that he "has tried to argue this egregious error through the Court in Mendocino County, California." (*Id.*) Plaintiff further contends that, in September 2024, "the FBI came to the Plaintiff's residence in Wittmann, Arizona," at which point Plaintiff "was notified of the Federal Prohibition and all Plaintiff's firearms were seized for safe keeping." (*Id.* at 2.) Plaintiff adds: "Plaintiff feels he has brought the case to the United States Federal Court District of Arizona for good reason. Plaintiff lives in Arizona and has resided here for over 5 years." (*Id.* at 4.) Finally, Plaintiff also contends that, under the "NICS Improvement Amendments Act of 2007," "[j]udicial review is available by the Federal district court in which the applicant resides." (*Id.*)

In reply, the Department contends that "Plaintiff's Opposition fails to directly address any of the grounds for the Department's motion" and that this failure "should be treated by the Court as Plaintiff's concession that his Complaint is facially and incurably defective." (Doc. 21 at 2.)

B.   **Analysis**

A defendant may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citation omitted).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). "Arizona law permits the exercise of personal jurisdiction to the extent permitted under the United States Constitution." *Id.* (citing Ariz. R. Civ. P. 4.2(a)). Accordingly, whether this Court has personal jurisdiction over the Department "is subject to the terms of the Due Process Clause of the Fourteenth Amendment." *Id.*

"Constitutional due process requires that defendants have certain minimum contacts with a forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (cleaned up).  Minimum contacts exist "if the defendant has continuous and systematic general business contacts with a forum state (general jurisdiction), or if the defendant has sufficient contacts arising from or related to specific transactions or activities in the forum state (specific jurisdiction)." *Id.* at 1142 (internal quotation marks omitted).  Plaintiff does not contend the Court has general jurisdiction over the Department (and any such suggestion would be incorrect), so the analysis focuses on specific jurisdiction.

To determine whether the Department has sufficient contacts with Arizona to be subject to specific jurisdiction in Arizona, the Court must apply the Ninth Circuit's three-prong test:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Morrill*, 873 F.3d at 1142.  "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* (internal quotation marks omitted).  "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.*  "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

Courts "generally apply the purposeful availment test when the underlying claims arise from a contract, and the purposeful direction test when they arise from alleged tortious conduct." *Id.*  However, "our cases do not impose a rigid dividing line between these two

types of claims" and "the first prong may be satisfied by purposeful availment, by purposeful direction, or by some combination thereof." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023) (cleaned up).

The specific jurisdiction analysis here is straightforward. Plaintiff's sole claim is a tort claim for negligence. All of Defendants' challenged conduct occurred in California. The only connection to Arizona is that Plaintiff lives in Arizona and thus contends he felt some of the effects of the negligent conduct in Arizona. In *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450 (9th Cir. 2007), the Ninth Circuit addressed a similar situation. There, the plaintiff was an entity based in Washington state that operated passenger sail cruises. *Id.* at 454. After an accident resulted in the loss of a ship, the plaintiff brought an action in federal court in Washington against, *inter alia*, the Wärtsilä entities, under the theory that "some combination of these corporations either designed, manufactured, or sold a faulty engine part that may have contributed to the accident." *Id.* The plaintiff argued, as Plaintiff seems to argue here, that the Wärtsilä entities were subject to personal jurisdiction in Washington solely because "the effect of [their] activities was felt in Washington." *Id.* at 460. The Ninth Circuit rejected that argument, holding that "the 'effects' test of [*Calder v. Jones*, 465 U.S. 783 (1984)] . . . applies only to intentional torts, not to the breach of contract and negligence claims presented here." *Id.* By the same logic, if the effects test is inapplicable here and only the purposeful availment test applies, personal jurisdiction is clearly lacking—there is no allegation that any Defendant took any action in Arizona. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155-56 (9th Cir. 2006) ("Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum. . . . All of Caddy's action identified by Pebble Beach is action taking place outside the forum. . . . Accordingly, we reject Pebble Beach's assertion that Caddy has availed himself of the jurisdiction of the district court . . . ."); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) ("A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such

as executing or performing a contract there. By taking such actions, a defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.") (cleaned up).

Moreover, even if the purposeful direction test applies here,[3] personal jurisdiction is still lacking. *See, e.g., Walden v. Fiore*, 571 U.S. 277, 285-90 (2014) (emphasizing that even "when intentional torts are involved," "the plaintiff cannot be the only link between the defendant and the forum"; that "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State"; that a defendant's conduct will "not create sufficient contacts with [the plaintiff's home state] simply because he allegedly directed his conduct at plaintiffs whom he knew had [a forum] connection"; and that "mere injury to a forum resident is not a sufficient connection to the forum") (cleaned up); *Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015) ("Weston's actions did not connect him with California in a way sufficient to support the assertion of personal jurisdiction over him. . . . Weston [engaged in all of the challenged conduct] from his residence in Michigan, without entering California, contacting any person in California, or otherwise reaching out to California. In short, none of Weston's challenged conduct had anything to do with California itself. Moreover, as in *Walden*, Picot's injury . . . is entirely personal to him and would follow him wherever he

---

[3] Although *Holland America Line* held that *Calder*'s effects test applies only to intentional torts and thus did not apply that test to the negligence claim in that case, the Ninth Circuit has elsewhere applied *Calder*'s effects test to negligence claims. *Menken v. Emm*, 503 F.3d 1050, 1059 (9th Cir. 2007) ("Because Menken's Complaint alleges negligence, wrongful interference with contractual relations, civil extortion, and a violation of A.R.S. § 33–420, his cause of action arises primarily in tort; therefore, *Calder*'s 'effect's test' is the proper framework for the first prong's purposeful availment and direction analysis."). Additionally, many Ninth Circuit cases broadly assert that the purposeful direction test applies to "tort" claims, without differentiating between intentional and unintentional torts. *See, e.g., Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) ("For claims sounding in tort, we instead apply a 'purposeful direction' test and look to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere."). But more recent decisions call for a more nuanced evaluation. *Davis*, 71 F.4th at 1162 (stating that "there's no need to adhere to an iron-clad doctrinal dichotomy to analyze specific jurisdiction" and "to the extent Cranfield argues that we should only review Appellants' tort claims under the purposeful direction test, we disagree").

might choose to live or travel. The effects of Weston's actions are therefore not connected to the forum State in a way that makes those effects a proper basis for jurisdiction.") (cleaned up). *See also Gonzalez v. US Human Rights Network*, 512 F. Supp. 3d 944, 959 (D. Ariz. 2021) ("The final component of the purposeful direction tests requires that the injury suffered by the plaintiff be tethered to the forum state in some meaningful way. The potential foreseeability of some incidental harm to Plaintiff in Arizona is, on its own, insufficient to establish purposeful direction. Here, there is nothing to suggest a meaningful connection between Arizona and Plaintiff's injuries. Her alleged injury has occurred in Arizona because she happened to live in Arizona, but this injury is entirely personal to her and would follow her wherever she might choose to live or travel.") (cleaned up).[4]

Accordingly, the Court grants the Department's motion to dismiss for lack of personal jurisdiction. This ruling makes it unnecessary to resolve the Department's other grounds for seeking dismissal. *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 895 (9th Cir. 2011) ("[T]he Supreme Court has specifically instructed that a district court must first determine whether it has jurisdiction before it can decide whether a complaint states a claim.").

II.   The County

The County moves to dismiss for two reasons: (1) "[t]his action is filed in an improper venue"; and (2) "Plaintiff has not stated a claim against the County of Mendocino upon which relief may be granted." (Doc. 13 at 2.)

    A.   **Venue**

        1.   The Parties' Arguments

The County contends that "Plaintiff has not named any defendants residing in Arizona," "the allegations in the complaint relate to court proceedings before the Superior

---

[4] To the extent Plaintiff contends in his response brief that he could have filed suit in the District of Arizona, due his status as an Arizona resident, in an action to restore his firearm rights under the "NICS Improvement Amendments Act of 2007," this argument is unavailing because the only claim asserted in Plaintiff's complaint is a negligence claim for money damages.

Court of California for County of Mendocino, which is located in Mendocino County, California," and "Plaintiff does not include any allegations suggesting that any event related to this action occurred in the State of Arizona." (*Id.* at 3.)

Plaintiff does not specifically dispute any of these points in his response brief or specifically address the concept of venue—instead, he simply emphasizes that he is an Arizona resident and felt the effects of the challenged conduct here. (Doc. 19.)

In reply, the County contends that "[t]he only attempt to address any issue raised in the County's motion appears to be Plaintiff's statement that 'he has brought the case to the United States Federal Court District of Arizona for good reason.' Also, that Plaintiff lives in Arizona. [But] Plaintiff's residence in Arizona does not justify bringing this action in the United States District Court for the District of Arizona. Plaintiff has not shown that the venue in the United States District Court for the District of Arizona is proper." (Doc. 20 at 2, citations added.)

        2.      Analysis

A defendant may move to dismiss for improper venue. Fed. R. Civ. P. 12(b)(3). When ruling on a motion to dismiss for improper venue, "the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1338 (9th Cir. 2004). The plaintiff has the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir.1979) ("Plaintiff had the burden of showing that venue was properly laid in the Northern District of California.").

Under 28 U.S.C. § 1391(b), "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.* Here, subdivision (b)(1) is

inapplicable because no Defendant resides in Arizona and subdivision (b)(3) is inapplicable because this action could have been brought in the United States District Court for the Northern District of California, which encompasses Mendocino County.

That leaves subdivision (b)(2), which asks whether Arizona is where "a substantial part of the events or omissions giving rise to the claim occurred." As the County correctly notes, none of Defendants' challenged conduct occurred in Arizona. However, Plaintiff alleges that he suffered various injuries in Arizona as a result of that conduct. Although, as discussed in Part I above, this scenario is insufficient to establish personal jurisdiction over Defendants in Arizona, the County has not sought dismissal based on a lack of personal jurisdiction and the venue analysis is somewhat different. *Cf. Corsi v. Caputo*, 2020 WL 13609995, *1 n.1 (D.D.C. 2020) ("[V]enue—although not personal jurisdiction—is proper in this District."); *Adams v. Unione Mediterranea Di Sicurta*, 2001 WL 823733, *4 (E.D. La. 2001) (discussing "instances where a court . . . is a proper venue but cannot assert personal jurisdiction"). *See generally Day v. Cornèr Bank (Overseas) Ltd.*, 789 F. Supp. 2d 150, 160 (D.D.C. 2011) ("[A]s legal concepts, questions of personal jurisdiction and venue are distinct. The former concerns itself with the power of a court to adjudicate the rights and liabilities of a party, while the latter focuses on the most convenient location for litigation.").

In the Ninth Circuit, "the locus of the injury" is a relevant factor in determining where venue may lie under § 1391(b)(2), at least in a tort action. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001) ("Under that statute, venue is proper in a judicial district if 'a substantial part of the events or omissions giving rise to the claim occurred' in that district. With this policy in mind, at least one court has found that in a tort action, the locus of the injury was a relevant factor. As noted above, at least one of the 'harms' suffered by Plaintiffs is akin to the tort of invasion of privacy and was felt in Nevada. Accordingly, a substantial part of the events giving rise to the claim occurred in Nevada. Thus, venue was proper."). True, *Myers* does not hold that venue will always lie in a district where a tort plaintiff sustained injury—the locus of injury is simply a relevant

factor[5]—but Plaintiff's detailed allegations regarding the injuries he suffered in Arizona, including that he continues to suffer from ongoing injuries in Arizona as a result of the challenged conduct, are enough to satisfy § 1391(b)(2). *See, e.g., Underberg v. Employers Mut. Casualty Co.*, 2016 WL 1466506, *6-7 (D. Mont. 2016) ("Although the actual tort of spoliation of evidence allegedly occurred in North Dakota, the injury Underberg may have suffered may be felt in Montana . . . . Based on the foregoing, the Court concludes that a substantial part of the events or omissions giving rise to Underberg's claim occurred in Montana. Because Montana is not an improper venue for this action, EMC's motion to transfer venue necessarily fails."); *Hastings v. Hastings*, 2015 WL 12672700, *4 (S.D. Cal. 2015) ("28 U.S.C. § 1391(b)(2) . . . may permit venue in more than one district. . . . Under *Myers*, venue is proper in this district because Plaintiff lives here and allegedly suffered tort injuries here. The injuries continue to the present time. Hence, venue is proper here even though Defendant acted in Florida and this case might also have been filed there."). *See generally Trico Bancshares & Subsidiaries v. Rothgerber Johnson & Lyons LLP*, 2009 WL 3365855, *3 (E.D. Cal. 2009) (collecting cases where the fact the plaintiff suffered injury in the forum district was enough to establish venue).

   B.   **Failure To State A Claim**

      1.   The Parties' Arguments

The County argues that "[t]he only allegations in the complaint against the County of Mendocino are that the 'statutes for dismissal were not followed by the . . . County of Mendocino,' and that '[t]he County of Mendocino did not follow the judicial process of the dismissed case.' The complaint contains only these legal conclusions and states no facts regarding what Plaintiff alleges that the County did or did not do, that would amount

---

[5] *See, e.g., Knuttel v. Omaze, Inc.*, 572 F. Supp. 3d 866, 869 n.2 (N.D. Cal. 2021) ("Although the Ninth Circuit has held that, in tort actions, the location where a plaintiff feels the harm is also a relevant factor, it is but one factor courts must consider in their substantiality analysis.") (internal quotation marks omitted); *Mach 1 Air Servs. Inc. v. Bustillos*, 2013 WL 1222567, *10 (D. Ariz. 2013) (explaining that "[m]erely being the situs of plaintiff's injury is insufficient [because] otherwise venue would always be proper in a plaintiff's district" and finding a lack of venue in Arizona where the complaint did "not describe any activity in Arizona," "[t]he only reference to Arizona is where [the plaintiff] alleges that it is an Arizona resident," and "El Paso is where everything happened").

to negligence. The factual basis of Plaintiff's claim or claims against the County is unknown. A complaint consisting of only legal conclusions is insufficient. Thus, the complaint does not satisfy the pleading requirements of Rule 8 and fails to state a claim upon which relief may be granted." (Doc. 13 at 4.)

Plaintiff does not specifically address these arguments in his response. (Doc. 19.)

In reply, the County contends that "Plaintiff makes no attempt to counter the County's argument that Plaintiff has failed to state a cause of action against the County. In fact, Plaintiff's failure to mention the County even once in his Opposition seems to support the County's position and shows that the County is uninvolved in matters giving rise to this action." (Doc. 20 at 2.)

    2. <u>Analysis</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss an action for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), "to survive a motion to dismiss, a party must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1144-45 (citation omitted). However, the court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678-80. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The court also may dismiss due to "a lack of a cognizable legal theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (citation omitted).

The Ninth Circuit has instructed that courts must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant]

'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

Even liberally construed, the complaint fails to state a claim for relief against the County. The complaint includes only vague allegations that unspecified statutes and judicial processes were violated by unspecified individuals. Additionally, as noted by other Defendants, "Plaintiff does not establish that he was owed a duty." (Doc. 22 at 3, capitalization omitted.)

III.   The Superior Court

The Superior Court moves to dismiss for five reasons: "[1] this Court does not have personal jurisdiction over a California state court; [2] Plaintiff did not follow California's statutory procedures for bringing a state law claim for money damages against the Superior Court, a California public entity; [3] the Superior Court enjoys immunity from Plaintiff's claims; [4] Plaintiff's claims are barred by the *Younger* abstention doctrine; and [5] Plaintiff's complaint does not state a claim for which relief may be granted." (Doc. 14 at 1.)

The Superior Court's motion requires little additional discussion in light of the analysis set forth in Part I above. For the same reasons the Department is not subject to personal jurisdiction in Arizona, the Superior Court is not subject to personal jurisdiction in Arizona. This determination makes it unnecessary to address the Superior Court's other grounds for seeking dismissal.

IV.   Leave To Amend

Although Plaintiff did not request leave to amend in his response brief, the Ninth Circuit has held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir.

2016) (citation omitted).  Furthermore, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (cleaned up).

Given those principles, even though the Court is skeptical that Plaintiff will be able to plead new facts that would establish a plausible negligence claim against the County, it will provide him with another opportunity to attempt to do so.  In contrast, leave to amend is denied as to the Department and the Superior Court because the personal jurisdiction defect could not be cured through the pleading of new facts (and, thus, amendment would be futile as to those two Defendants).

Accordingly,

**IT IS ORDERED** that:

1. The Department's motion to dismiss (Doc. 16) is **granted**.  The Department is dismissed without leave to amend.

2. The Superior Court's motion to dismiss (Doc. 14) is **granted**.  The Superior Court is dismissed without leave to amend.

3. The County's motion to dismiss (Doc. 13) is **granted**.  The County is dismissed with leave to amend.

4. Plaintiff may file a First Amendment Complaint by October 22, 2025.  The changes shall be limited to pleading new facts in support of Plaintiff's claim against the County.

5. If Plaintiff fails to file a First Amended Complaint by October 22, 2025, the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 8th day of October, 2025.

_____
Dominic W. Lanza
United States District Judge